SO ORDERED: April 29, 2011.



_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ERIN ELIZABETH WEISER | ) CASE NO. 10-1076-AJM-7A |
| | ) |
|     Debtor | ) |

**ORDER DETERMINING DISTRIBUTION FROM TRUST
IS NOT PROPERTY OF THE ESTATE**

This matter came before the Court upon the Debtor's "Motion Requesting Court to Make Asset Determination" filed on March 11, 2011 and heard on April 14, 2011. Present at the April 14th hearing was John Petr, the chapter 7 trustee and Vincent Taylor, counsel for the Debtor. For the reasons stated below the Court determines that the distribution made or to be made to the Debtor from the Nathan O. Engebretson Family Trust is not property of the Debtor's bankruptcy estate. This order shall constitute findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

1

### *Background*

The Debtor filed a chapter 7 case on February 2, 2010 (the "Petition Date"). The first meeting of creditors was held on March 12, 2010 (the "First Meeting"). After the Petition Date but before the First Meeting, the Debtor learned that she was a beneficiary under the Nathan O. Engebretson Trust (the "Trust"). The Trust was established on August 10, 2005. The Trust's grantor, Nathan O. Engebretson (the "Settlor") was alive when the Trust was created, and therefor it is an *inter vivos* trust. [1] Paul Carpenter is the trustee. The Trust set up a multi-tiered distribution scheme. The Fifth Article of the Trust provided that, upon the death of the Settlor, certain surviving beneficiaries were to be paid specified sums of money as part of an initial distribution. Seventy percent (70%) of what remained after this initial distribution was to be divided equally among additional surviving beneficiaries, of which the Debtor was one. In addition, Article Ninth entitled "Trust Protection Against Creditors" restricted beneficiaries from transferring, encumbering or disposing of their interests in order to pay creditors (the "Anti-Alienation Clause") and provided in part:

>    (a) No person to whom any interest is given, whether in income or principal, shall have the power to anticipate, alienate, dispose of or encumber such interest by anticipation or to subject the same to his or her debts or liabilities, and no such interest shall be available for his or her debts or liabilities.

As a result of the information provided to him at the First Meeting, John J. Petr,

---

[1] An *inter vivos* trust is where the settlor creates a trust and transfers property, thereby creating a present interest on behalf of the beneficiaries. The beneficiaries' interests vest immediately, despite the fact that the beneficiaries' use and enjoyment of the property is delayed until some future date (e.g. death of the settlor). This differs from a testamentary disposition of property where the beneficiary's interest does not vest until the settlor's death. See, *Matter of Walz,* 423 N.E.2d 729, 732 (Ind. Ct. App. 1981).

the Chapter 7 Trustee ( the "Trustee") declared the case an asset case, seeking turnover and administration of the Debtor's 2009 state and federal tax refunds and any "inheritance from the estate of Nathan Engebretson".  The Debtor has not received any distribution as of yet from the Trust but anticipates a distribution by December, 2011. The Debtor has turned over her 2009 tax refunds but challenges the Trustee's right to any distribution to which she is entitled under the Trust.

## *Discussion*

### *"Property of the Estate" under §541 and*
### *"Bequests" within 180 days under §541(a)(5)(A)*

Upon the filing of a chapter 7 case, all the debtor's legal and equitable interests in property as of the commencement of the case become property of the bankruptcy estate under §541.  Whether a particular interest held by the debtor is "property of the estate" is a question of federal bankruptcy law, but the *nature and extent* of that interest is defined by state law. *In re Jones,* 768 F.2d 923, 927 (7th Cir. 1985); *Butner v. United States*, 440 U.S. 48, 54,55, 99 S.Ct. 914, 917-18, 59 L.Ed.2d 136 (1979); *In re FBN Food Services, Inc.*, 175 B.R. 671, 684 (Bankr. N. D. Ill. 1994); *In re Paul,* 355 B.R. 64, 67 (Bankr. N. D. Ill. 2001).  Included in the definition of "property of the estate" is "any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days of such date - by bequest, devise or inheritance".  11 U.S.C. §541(a)(5)(A).  The Trustee believes the anticipated distribution to be made to the Debtor pursuant to the Trust is such a "bequest, devise or inheritance", and thus, "property of the estate".

3

### *"Spendthrift" Trusts under §541(c)(2)*

The Debtor contends that the Anti Alienation Clause makes the Trust a valid spendthrift trust under Indiana law and, to the extent the Anti-Alienation Clause is enforceable under Indiana law, it is likewise enforceable in this bankruptcy case under §541(c)(2) [2], effectively taking it out of the definition of "property of the estate", and, thus, out of the Trustee's reach.  The Trustee has not challenged the fact that the Trust is a valid and enforceable spendthrift trust, subject to the protections of §541(c)(2). Indeed, the Trust appears to have the earmarks of a valid spendthrift trust under Indiana law. [3]  The issue is whether the distribution from the Trust, once made, loses its §541(c)(2) protection, and becomes a "bequest, devise or inheritance" which is property of the estate under §541(a)(5)(A).

The Bankruptcy Code provides no definition of "bequest, devise or inheritance". In Indiana, "devise" ordinarily relates to real estate acquired through a will and "bequest" relates to disposition of personal property by will.  *Roundtree, et al. v. Pursel*, 39 N.E. 747,749 (Ind. App. 1895).  "Devise" has since been defined by statute to mean "a testamentary disposition of either real or personal property" Ind Code Ann. §29-1-1-3(a))(5) (West 2010).  "Inheritance" has been defined as disposition of real or personal

---

[2] Section 541(c)(2) provides: "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title".

[3] The three (3) requirements for a trust to be a spendthrift trust under Indiana law are (1) the settlor may not be a beneficiary of the trust; (2) the beneficiary must not have any present dominion or control over the plan corpus; and (3) the trust must contain an anti-alienation clause which prevents the beneficiary from voluntarily or involuntarily transferring his interest in the trust.  *United States v. Grimm*, 865 F. Supp. 1303, 1311 (N. D. Ind. 1994); *Brosamer v Mark*, 540 N.E.2d 652, (Ind. Ct. App. 1989).  *See also*, Ind. Code §30-4-3-2. Here, the settlor was not a beneficiary, the Debtor had no control over the Trust corpus and the Trust contained the Anti-Alienation Clause.

4

property by intestate.  See, *Gray v. Swerer*, 94 N.E. 725, 726, 47 Ind. App. 384, 388 (Ind. App. 1911).  Thus, the terms "bequest, devise or inheritance" denote a disposition of property by will, or by intestate or by other testamentary means.

The instrument which gave rise to the Debtor's beneficial interest here was the Trust, which was *inter vivos*, and not testamentary, in nature.  Indeed, the Seventh Circuit has determined that a distribution of *income* from an *inter vivos* spendthrift trust which is made or entitled to be made within 180 days of the petition date is *not* a "bequest, devise or inheritance" under §541(a)(5)(A).  *Magill v. Newman (In re Newman)*, 903 F.2d 1150, 1153 (7th Cir. 1990).  The court reasoned that the "bequest, devise or inheritance" language of §541(a)(5)(A) encompassed only distributions that arose by virtue of a will or some other testamentary instrument.  Income distributions from an *inter vivos* trust, on the other hand, arose from an instrument that was not testamentary in nature and therefore could not be considered bequests, devises, or inheritances.  Furthermore, under §541(c)(2), Congress clearly exempted the corpus of spendthrift trusts that are valid under state law from the reach of creditors in bankruptcy proceedings and therefore, the distributions were not "property of the estate" and thus not recoverable by the trustee. 903 F.2d at 1154.

Here, the distribution to which the Debtor is entitled arose by virtue of an *inter vivos* trust, not a will or other testamentary instrument.  The fact that the Debtor became entitled to distribution from the Trust only upon the settlor's death – resembling a "testamentary" event –  does not negate the fact that the *instrument that gave rise to the Debtor's entitlement to Trust proceeds* was *inter vivos* (and not testamentary) in

nature.  See, *In re Fetter*, 354 B.R. 242, 246 (where trust settlor died post petition, debtor's rights in and to *inter vivos* trust property vested at settlor's death under the terms and provisions of the trust, not as a result of a "bequest, devise or inheritance"); *In re Blout*, 438 B.R. 98, 107 (Bankr. E. D. Tex. 2010) ("Virtually every court which has addressed the issue has come to the same conclusion – that testamentary trust distributions in the 180-day window are "bequests" and therefore property of the estate but that *inter vivos* trust distributions are neither"). [4]

The distribution to which the Debtor became entitled under the Trust within 180 days of the Petition Date is not a "bequest, devise or inheritance" under §541(a)(5)(A). Furthermore, the distribution is protected by the spendthrift clause which is fully enforceable in bankruptcy proceedings by operation of §541(c)(2).  Accordingly, the distribution is not "property of the estate" and thus, not subject to turnover to or administration by the Trustee.

**# # #**

Distribution:

Vincent Taylor, Attorney for the Debtor
John J. Petr, Chapter 7 Trustee

---

[4] In *Blout,* the Debtor's father was the settlor of an *inter vivos* trust for the support and benefit of his children and their families (the "Children's Trust).  Upon the father's death, his will provided that any remaining assets be "poured over" and transferred to the Children's Trust.  Those "pourover" assets were transferred to and administered by the Children's Trust.  Fourteen years later, the Debtor filed his chapter 7 case while still receiving Children's Trust distributions.  The Court determined that, under Texas law, the testamentary nature of the pourover assets that were transferred to the Children's Trust were simply additions to the corpus of the *inter vivos* trust and did not destroy its *inter vivos* character.  Thus, the distributions from the Children's Trust were not testamentary in nature, were not "bequests" under §541(a)(5)(A), and were not "property of the estate".  438 B.R. at 104-05.